| | |
|---|---|
| DISTRICT COURT, CITY & COUNTY OF DENVER<br>STATE OF COLORADO<br>1437 Bannock Street #256<br>Denver, CO 80202-5385<br>(720) 865-8301 | DATE FILED: January 26, 2024 8:59 AM<br>FILING ID: 11811B58139A6<br>CASE NUMBER: 2024CV30266 |
| Plaintiff: **LILA SACHA**<br><br>v.<br><br>Defendant: **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** | ∆   COURT USE ONLY   ∆ |
| *Attorneys for Plaintiff:*<br>  Gregory A. Gold, #26064<br>  The Gold Law Firm, L.L.C.<br>  7375 E. Orchard Rd., Ste. 300<br>  Greenwood Village, CO 80111<br>Phone No.: (303) 694-4653<br>Fax No.: (303) 468-6155<br>Email: greg@thegoldlawfirm.net | Case No.:<br><br>Division: |
| **COMPLAINT FOR DAMAGES & JURY DEMAND** | |

Plaintiff, Lila Sacha, by and through her counsel, The Gold Law Firm, LLC, hereby submits her Complaint for Damages & Jury Demand against Defendant State Farm Mutual Automobile Insurance Company, stating and alleging as follows:

### PARTIES

1. At all times relevant, Lila Sacha ("Plaintiff"), was a resident of the City of Centennial, County of Arapahoe, State of Colorado.

2. At all times relevant hereto, Defendant, State Farm Mutual Automobile Insurance Company ("State Farm") was and is a foreign corporation operating as an insurance company and licensed to do business in the state of Colorado operating in various places of business throughout Colorado, including in the County of Denver, State of Colorado, with their registered agent Corporation Service Company located at 1900 W Littleton Blvd, Littleton, CO 80120, County of Arapahoe, State of Colorado. The Court has personal jurisdiction over the Defendant.

EXHIBIT A

1

## FACTUAL ALLEGATIONS

3. At all times relevant hereto, Plaintiff was an insured driver under a motor vehicle insurance policy issued by Defendant State Farm, which included a provision for Underinsured Motorist (UIM) coverage.

4. On or about February 12, 2020, Plaintiff was driving a 2008 Ford Escape westbound on South Versailles Parkway.

5. At the same time and place, Joseph Scocchera was following Plaintiff too closely in his 2006 Chrysler PT Cruiser and struck Plaintiff from behind causing injury.

6. Plaintiff sustained severe personal injuries including but not limited to: bilateral neck and upper back pain and stiffness, cervicalgia, pain in the thoracic spine, segmental and somatic dysfunction of the cervical region, segmental and somatic dysfunction of the thoracic region, and post-traumatic syrinx.

7. The negligent actions and omissions of Mr. Scocchera was the cause of the February 12, 2020 automobile collision and the Plaintiff's injuries, damages, and, losses.

8. Plaintiff did not cause or contribute to the incident on February 12, 2020.

9. In 2023, Plaintiff resolved her liability claim against Liberty Mutual, the third-party insurer, for policy limits.

10. Also in 2023, Plaintiff resolved her underinsured motorist ("UIM") claim with Nationwide, the primary UIM insurer, for policy limits.

11. Plaintiff's injuries, losses, and damages exceed the $25,000.00 individual liability limits available from Mr. Scocchera's Liberty Mutual policy.

12. Plaintiff's injuries, losses, and damages exceed the $100,000.00 UIM limits available from her Nationwide policy.

13. Plaintiff made a demand for UIM benefits to State Farm on February 9, 2023.

14. After submitting additional records at State Farm's request, Plaintiff made a supplemental demand for UIM benefits on October 4, 2023.

15. State Farm did not make an initial offer to Plaintiff until November 2023.

16. The offer was minimal and insufficient to compensate Plaintiff for the injuries and damages she suffered as a result of the collision.

17. Plaintiff submitted additional information to State Farm and made an additional policy limits demand on December 11, 2023.

18. State Farm has not offered an appropriate, nor timely evaluation for Plaintiff's UIM claim.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

19. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 above, as though fully set forth herein.

20. Under the insurance contract with Defendant, Plaintiff is entitled to be compensated, up to the applicable policy limits, for all damages she is legally entitled to recover from the underinsured motorist policy, including but not limited to the value of reasonable and necessary past and future medical services, lost future earning capacity, noneconomic damages such as lost quality and enjoyment of life, physical pain and mental suffering, as well as physical impairment damages.

21. Plaintiff has complied with all conditions precedent to coverage under the insurance policy issued by Defendant to Plaintiff, including but not limited to providing Defendant related medical records, billing, repeatedly submitted expert medical reports to Defendant and asked for a fair claim evaluation on multiple occasions.

22. To the extent that Plaintiff has failed to comply with any of her contractual obligations, Defendant has not been prejudiced by the failure to comply.

23. Defendant has refused to pay Plaintiff underinsured motorist benefits due under the terms of the subject insurance contract.

24. Defendant has breached its contract by failing to provide these underinsured motorist benefits to Plaintiff.

25. As a result of this breach of contract, Plaintiff has sustained damages including but not limited to the loss of contractual benefits, and other compensatory damages allowed by law, in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

26. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 25 above, as though fully set forth herein.

27. By the actions described above, Defendant breached the contract of insurance and has engaged in a course of conduct to deprive its insured of the contract benefits to which she is entitled.

28. Defendant's conduct falls below the standard of care of a reasonably prudent insurer doing business in the State of Colorado and violates the Policy's implied covenant of good faith and fair dealing.

29. Defendant's unreasonable conduct in relation to Plaintiff's claims was committed with knowledge of the fact that its actions were unreasonable and/or in disregard of the fact that its actions were unreasonable.

30. Defendant breached its duty of good faith and fair dealing by its actions described generally above, and which also include, without limitation, the following unreasonable acts:

   a. Refusing to pay Plaintiff's claim following a reasonable investigation based upon all available information;

   b. Failing to respond reasonably to Plaintiff's renewed demands for payment of the policy limit in October and December 2023;

   c. Depriving Plaintiff of the benefits and protections of the contract of insurance;

   d. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

   e. Providing a low-ball offer in an effort to leverage a settlement for less than the amount due and owing under the policy;

   f. Failing to conduct a thorough investigation of the claim and to give consideration for items, such as prejudgment interest, pain and suffering, impairment and disfigurement, which it should have recognized to be due and owing; and

   g. Other conduct to be discovered during the course of these proceedings.

31. Defendant's bad faith breach of insurance contract has proximately caused Plaintiff to suffer economic and non-economic harm, losses, and damages in amounts to be proved at trial.

WHEREFORE, Plaintiff Lila Sacha requests that this Court enter judgment for her and against Defendant State Farm Mutual Automobile Insurance Company an amount equal to two times their covered underinsured motorist benefits; for reasonable attorney's fees; for costs, expert witness fees; statutory interest from the date this cause of action accrued or as otherwise permitted under Colorado law; and for such other and further relief as this Court deems just and proper.

Respectfully submitted: January 26, 2024

                                    The Gold Law Firm, LLC
                                  *s/Gregory A. Gold*
                                  By: Gregory A. Gold #26064
                                  The Gold Law Firm
                                  7375 E. Orchard Road, Suite 300
                                  Greenwood Village, CO 80111
                                   (303)694-4653

Plaintiff's Address
c/o The Gold Law Firm, LLC
7375 E. Orchard Road, Suite 300
Greenwood Village, CO 80111

5